IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**BERNARD COLEMAN,**

        Plaintiff,

v.                                              Case 2:12-cv-03045-JDT-cgc

**OCWEN LOAN SERVICING, LLC,**
**and JOHN DOES 1-20,**

        Defendants.

---

**REPORT AND RECOMMENDATION ON IN FORMA PAUPERIS SCREENING PURSUANT TO 28 U.S.C. § 1915 AND ON CERTIFICATION OF APPEALABILITY PURSUANT TO RULE 24 OF THE FEDERAL RULES OF APPELLATE PROCEDURE**

---

      Before the Court is Plaintiff Bernard Coleman's pro se Complaint (Docket Entry "D.E." #1), which must be screened pursuant to 28 U.S.C. § 1915 ("Section 1915") as Plaintiff is proceeding in forma pauperis. (D.E. #3). The Section 1915 screening has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #4). For the reasons set forth herein, it is recommended that Plaintiff's Complaint be DISMISSED pursuant to Section 1915 for failure to state a claim upon which relief may be granted and that leave to proceed in forma pauperis on appeal be DENIED pursuant to Rule 24 of the Federal Rules of Appellate Procedure.

**I. Background**

      On December 5, 2012, Plaintiff Bernard Coleman filed a pro se "Complaint for Violation of Electronics Fund Transfers Act, Fair Debt Collection Practices Act, Consumer Credit Protection Act, Conspiracy to Defraud, Mail and Wire Fraud" ("Complaint") (D.E. #1). Plaintiff named as

1

Defendants Ocwen Loan Servicing, LLC and "John Does 1-20."[1] (Compl. ¶¶ 7-9). Plaintiff alleges that he submitted an electronic funds transfer ("EFT") to Ocwen "with specific instructions in order to have debt associated with OCWEN account #71736490 to be discharged." (Compl. ¶ 2). Plaintiff states that the EFT instrument "was sent certified mail . . . under Notary presentment" and that Ocwen received the instrument on July 16, 2012. (*Id.* & Exh. 1).

Plaintiff attached the purported EFT to his Complaint as Exhibit 1, which is a paper instrument drawn from the account of Terry Wayne Green, 384 E. Goodman Road, Suite #229, Southaven, MS, 38671. (Compl. at Exh. 1). The front of the check shows that it was written to Ocwen Loan Servicing, L.L.C. on July 12, 2012 in the amount of $164,944.34, was signed by Terry W. Green, and included a notation "EFT ONLY DISCHARGE OF DEBT." (*Id.*) The back of the check was endorsed by Terry W. Green, who is listed as "Authorized Representative Without Recourse," dated July 12, 2012, and included a notation of "NOT FOR DEPOSIT EFT ONLY." (*Id.*)[2]

Plaintiff alleges that Ocwen returned the "one-way wire transfer instrument (EFT)" stating

---

[1] Service of process cannot be made on unnamed or fictitious parties. The filing of a complaint against "John Doe" defendants does not toll the running of the statute of limitations against those parties. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *Bufalino v. Michigan Bell Telephone Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968). Accordingly, it is recommended that Plaintiff's Complaint against John Does 1-20 be dismissed.

[2] Several other cases have also been filed in this Court by plaintiffs alleging that a paper instrument marked as an EFT issued on the same account of Terry Wayne Green satisfies various financial obligations. *See Rodney Griffin v. ALLY*, No. 2:13-cv-02009-JDT-tmp (W.D. Tenn. filed Jan. 4, 2013) (D.E. #1 & Exh. 1); *Robert Buckingham v. Ally Financial*, 2:12-cv-02985-SHM-tmp, 2013 WL 3864820 (W.D. Tenn. filed July 24, 2013) (D.E. #1 & Exh. 1); *Otis Jackson v. WMC Mortgage Corp.*, 2:12-cv-02914, JPM-cgc (W.D. Tenn. filed Oct. 19, 2012) (D.E. #1 & #10 at Exh. 4); *Charles Stout v. Carmax Auto Finance*, 2:12-cv-02996-SHM-cgc (W.D. Tenn. filed Nov. 15, 2012) (D.E. #1 & Exh. 1).

that it did not accept personal checks. (*Id*. ¶ 3). Plaintiff claims that, by refusing his "instrument to discharge the debt associated with Account #71736490 in the amount of $164,944.34, Defendant OCWEN has lawfully discharged the associated debt and there is no further obligation on the Plaintiff." (*Id*.)

Plaintiff's Complaint alleges claims of extortion, fraud, conversion, as well as violations of the Electronic Funds Transfer Act ("EFTA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Consumer Credit Protection Act ("CCPA"). Plaintiff's Complaint further contains a purported claim entitled "Federal Reserve Notes are Not Money By Law." Plaintiff requests compensatory damages, punitive damages, declaratory relief, and injunctive relief.

## II. Section 1915 Screening

Pursuant to Section 1915, in proceedings in forma pauperis, notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment

3

generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

### A. *Extortion*

First, Plaintiff alleges a claim of extortion based upon Ocwen's failure to "process correctly" his purported EFT payment. (Compl. ¶¶ 16-18). Under Tennessee law, extortion is a criminal offense defined as the use of coercion upon another person with the intent to obtain property or services or to unlawfully restrict another's freedom of action. Tenn. Code Ann. § 39-14-112(a). There is no private civil cause of action recognized in Tennessee for extortion. *Wykle v. Valley Fidelity Bank & Trust Co.*, 658 S.W.2d 96, 99 (Tenn. Ct. App. 1963); *see also Willie Perry v. Robert Conley*, No. 02A019812CV00369, 1999 WL 270430, at *4 (Tenn. Ct. App. May 5, 1999). Accordingly, it is recommended that Plaintiff's claim for extortion fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### B. *Fraud*

Next, Plaintiff alleges a claim for fraud for Ocwen's refusal to credit his account with the purported EFT instrument "sighting a fatal defect . . . for correction and resubmission to Defendant

4

OCWEN." (Compl. ¶¶ 19-24). Plaintiff further alleges that Ocwen "engaged in unlawful and fraudulent activities" regarding Plaintiff's loan and that Ocwen had "no legal authority to deny Plaintiff['s] lawful EFT instrument." (*Id.* ¶ 23).

Under Tennessee law, a claim for fraud requires the following: (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff did not know that the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation. *Hodge v. Craig*, 382 S.W.3d 325, 342 (Tenn. 2012). Rule 9(b) of the Federal Rules of Civil Procedure requires that allegations of fraud "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).

Upon review, Plaintiff's claim for fraud is based upon his allegation that Ocwen was required to accept his purported EFT as a form of payment or return it to him sighting defects. However, Plaintiff's Complaint does not allege why Ocwen was required to accept his purported EFT or why Ocwen was required to return it to him in the manner he preferred. While Plaintiff may contend that Ocwen should have accepted his payment, even though it had already been endorsed by the maker and contained unorthodox notations, his Complaint does not allege why he believes such a form of payment was required to be accepted, such as language from a contractual agreement between the parties. Thus, Plaintiff's Complaint contains no false representation of material fact to sustain a claim for fraud. Plaintiff's Complaint is especially lacking given that such claims must be plead

5

with particularity. Accordingly, it is recommended that Plaintiff's claim for fraud fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### *C. Conversion*

Next, Plaintiff alleges a claim for conversion, stating that he "paid the remaining balance owed to defendant in the amount of $164,944.34" and that Ocwen stole his property. (Compl. ¶¶ 26-27). Under Tennessee law, conversion is "an intentional tort, and a party seeking to make out a *prima facie* case of conversion must prove: (1) the appropriate of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights." *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012).

Upon review, Plaintiff has not alleged any of the three *prima facie* elements of a conversion claim. Namely, as Plaintiff alleged that Ocwen did not accept his purported EFT payment, he has failed to allege that Ocwen appropriated his property, failed to allege that Ocwen exercised dominion over his property, and failed to allege that Ocwen acted in defiance of his ownership rights. Accordingly, it is recommended that Plaintiff's claim for conversion fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### *D. EFTA*

Next, Plaintiff alleges a violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.* (Compl.¶¶ 30-33, 39-41). The EFTA creates a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems" and safeguards "individual consumer rights." 15 U.S.C. § 1693. Civil liability is prescribed under the EFTA under 15 U.S.C. § 1693m. An "electronic fund transfer" is defined as

"any transfer of funds, *other than a transaction originated by a check, draft, or similar paper instrument*, which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape . . ." 15 U.S.C. § 1693a(7) (emphasis added). One required element of a EFTA claim is that there was an unauthorized electronic fund transfer as defined by the Act. *See*, *e.g.*, *Jackie Bodley v. William Edmund Clark*, No. 11 Civ. 8955 (KBF), 2012 WL 30421775, at *4 (S.D.N.Y. July 23, 2012) (quoting *Fisher & Mandell, LLC v. Citibank, N.A.*, No. 09 Civ. 1160 (RJS), 2009 WL 1767621, at *3 (S.D.N.Y. June 22, 2009)). "Check and wire transfers are explicitly excluded from EFTA's definition of 'electronic fund transfers.'" *Id.*

Upon review, Plaintiff's Complaint alleges that the violation of the EFTA was based upon Carmax's failure to accept his "EFT." While Plaintiff's Complaint repeatedly references his attempted payment as an EFT and as a "one-way wire transfer," Exhibit 1 to Plaintiff's Complaint demonstrates that Plaintiff's purported EFT is a paper check, even though it contains notations that it is an EFT. Even other portions of Plaintiff's Complaint demonstrate that it was not an electronic transfer, as Plaintiff admits that it was sent via "certified mail." (Compl. ¶ 2). Such transfers are not governed by the EFTA. Accordingly, it is recommended that Plaintiff's EFTA claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### E. FDCPA

Next, Plaintiff's Complaint alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (Compl. ¶¶ 34-38). Plaintiff alleges that "Defendant uses the mail and other instruments of interstate commerce to conduct its business," that Defendant "took non-judicial action to dispossess plaintiff of his negotiable instrument," that Defendant "had no right to possession of the loan," that Plaintiff "was not in default," and that the "repossession was wrongful." (Compl. ¶¶

36-37).

Plaintiff's Complaint states that these alleged violations violate "15 U.S.C. § 1692(f)(6)(2003)." It appears that Plaintiff intends to allege a violation of 15 U.S.C. Section 1692f, which governs "Unfair practices" and provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and enumerates certain conduct that violates this section. 15 U.S.C. § 1692f. However, Plaintiff has not alleged any method in which Ocwen collected or attempted to collect any debt. Instead, he only alleges that he attempted to pay his debt in a manner that was not accepted by Ocwen. Such allegations are insufficient to sustain a claim for violations of the FDCPA. Accordingly, it is recommended that Plaintiff's FDCPA claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### F. CCPA

Next, Plaintiff alleges a violation of the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq.* ("CCPA"). Specifically, Plaintiff alleges a violation of 15 U.S.C. § 1673, which governs "Restriction on garnishment." However, other than mentioning the CCPA, Plaintiff's Complaint does not allege anything further with respect to Ocwen's alleged violation of this provision. The Court has reviewed Section 1673 and the CCPA and is unable to decipher a cognizable CCPA claim from Plaintiff's Complaint. Accordingly, it is recommended that Plaintiff's CCPA claim fails to state a claim upon which relief may be granted and should be dismissed pursuant to Section 1915.

### G. Other Claims

Finally, Plaintiff's Complaint contains a claim entitled "Federal Reserve Notes are Not Money by Law" (Compl. at 12), as well as interspersed references to the Uniform Commercial Code.

8

The Court has reviewed these portion of Plaintiff's Complaint, which contain general discussions of why Plaintiff contends that "neither paper currency nor deposits" are "lawful money of the United States" and are "valueless" (*Id*. at 12-13), and is unable to decipher any further cause of action stated by Plaintiff. Thus, it is recommended that the claims discussed above constitute all of the claims raised in Plaintiff's Complaint.

### III. Certification of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that, if a party has been permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* It would be inconsistent for the district court does not warrant service on the defendants, yet has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

The same considerations that lead to the recommendation that the District Court dismiss the complaint in this case for failure to state a claim upon which relief may be granted also compel the recommendation that an appeal would not be taken in good faith. Accordingly, it is recommended that the District Court certify pursuant to Rule 24(a) of the Federal Rules of Civil Procedure that any appeal in this matter by Plaintiff is not taken in good faith and that leave to proceed in forma pauperis on appeal be DENIED. It is further recommended that, if Plaintiff files a notice of appeal, he must pay the $455 appellate filing fee in full or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**DATED** this 8th day of October, 2013.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**